UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAMI SULZBERG,

    Plaintiff,

v.

HAPPIEST MINDS TECHNOLOGIES PVT. LTD.,

    Defendant.

Case No. 19-cv-05618-SVK

**ORDER DENYING MOTION TO DISMISS AND/OR STRIKE AND DENYING REQUEST FOR JUDICIAL NOTICE**

Re: Dkt. No. 8

In this putative class action, Plaintiff Tami Sulzberg alleges that Defendant Happiest Minds Technologies engaged in employment discrimination on the basis of race and national origin against individuals who are not South Asian and who are not of Indian national origin. *See* Dkt. 1 (Complaint) at ¶¶ 1, 29. Before the Court is Defendant's motion to dismiss and/or strike, which also includes a request for judicial notice. Dkt. 8, 8-3. The parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 15. Pursuant to Civil Local Rule 7-1(b), the Court deems this motion suitable for determination without oral argument. Based on a review of the parties' submissions, the case file, and relevant law, the Court DENIES the motion to dismiss, motion to strike, and request for judicial notice for the reasons discussed below.

## I. BACKGROUND

Defendant Happiest Minds provides information technology and consulting services. Dkt. 1 (Complaint) at ¶ 1. Defendant is headquartered in India and has some employees in the United States. *Id.* at ¶ 4. Plaintiff Tami Sulzberg, who is a Caucasian woman born in the United States, worked for Defendant in in the United States a sales role from January 17, 2018 until May 19, 2018. *Id.* at ¶¶ 21, 26. Plaintiff contends that her termination was the result of Defendant's pattern or practice of discriminating against non-South Asian and non-Indian

1    employees. *Id.* at ¶ 27.

Plaintiff brings this case individually and on behalf of the putative class of "[a]ll individuals who are not of South Asian race and Indian national origin who applied for positions with (or within) Happiest Minds in the U.S. and who were not hired and/or who Happiest Minds involuntarily terminated." *Id.* at ¶¶ 2, 29. Plaintiff asserts claims under Title VII and 42 U.S.C. § 1981. *Id.* at ¶¶ 38-48.

Defendant seeks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 8. Defendant also seeks to strike the class action claims pursuant to Rule 12(f). *Id.*

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Haines v. Kerner*, 404 U.S. 519, 521 (1972) (*pro se* complaint should not be dismissed unless the

2

court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (quotation marks and citations omitted).

### B.     Rule 12(f)

Rule 12(f) enables a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

## III.     DISCUSSION

### A.     Motion to dismiss for failure to state a claim

#### 1.     Sufficiency of class allegations

Defendant argues that Plaintiff has "failed to meet the basic requirements to sustain a class action" because she has "failed to allege the existence of an ascertainable class" and has not alleged "a well-defined community of interest in the questions of law and fact involved." Dkt. 8-1 at 4. Defendant also argues that a class action is not the superior method of addressing the alleged discrimination, and that the purported class is not numerous enough to justify class status. *Id.* at 7-8.

Courts in this District have held that Rule 12(b)(6) is not a proper vehicle for dismissing class claims, for several reasons. *See Meyer v. National Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014) and cases cited therein. First, Rule 12(b)(6) permits a party to argue that the opposing party has "failed to state a claim upon which relief can be granted," and "[a] class action is a procedural device, not a claim for relief." *Id.* (citing *Clerkin v. MyLife.com*, No. No. C 11-00527-CW, 2011 WL 3809912, at *3 (N.D. Cal. Aug. 29, 2011). Second, other Federal Rules of Civil Procedure exist to address impertinent allegations and class certification. *Meyer*, 10 F. Supp. 3d at 1104 (citing *Clerkin*, 2011 WL 3809912, at *3)). Third, a different standard of review applies to decisions on class certification than orders on motions to dismiss. *Meyer*, 10 F. Supp. 3d at 1104 (citing *Clerkin*, 2011 WL 3809912, at *3)).

The Court finds these other decisions from courts in this District instructive. Defendant's

3

attacks on Plaintiff's class allegations are better made in the context of a Rule 23 motion for class certification, after appropriate development of the record.

**2. Interplay with DHS determination regarding foreign workers**

Defendant asserts that most of the foreign staff it has hired have received employment visas from the Department of Homeland Security under the H and L-visa categories. Dkt. 8-1 at 8. Defendant argues that because its foreign staff were "all vetted and approved as highly skilled individuals in specialty occupations by DHS prior to their employment with Happiest Minds, Plaintiff's claims of racial and national origin bias and disparate treatment in Happiest Minds' hiring and retention practices must fail." *Id.*

Defendant has failed to provide legal or factual support for its argument that the grant of visas to some of its foreign workers renders Plaintiff's claims fatally implausible and subject to dismissal. This Court follows courts in this District and others that have rejected similar arguments. *See Heldt v. Tata Consultancy Svcs., Ltd.*, 132 F. Supp. 3d 1185, 1189 (N.D. Cal. 2015) (rejecting as "misplaced" argument on motion to dismiss that defendant's use of visa programs "must be non-discriminatory by definition and plaintiffs can never show that the named plaintiffs (or any class members) were discriminated against as a result of [defendant's] use of the visa programs"); *see also Koehler v. Infosys Techs. Ltd. Inc.*, 107 F. Supp. 3d 940, 949-50 (E.D. Wisc. 2015) (holding that complaint sufficiently stated claim for disparate impact under Title VII where plaintiff alleged discriminatory practices that involved employing large numbers of foreign workers holding visas).

Defendant asks the Court to take judicial notice of DHS "operating instructions" concerning the H-visa and L-visa programs. Dkt. 8-3. Because the Court's foregoing ruling rejecting Defendant's arguments concerning the relationship of these visa programs to the allegations of the complaint does not depend on the substantive requirements of the H-visa or L-visa programs, the Court hereby DENIES the request for judicial notice, without prejudice to renewal of the request if the DHS operating instructions become relevant to other aspects of the case.

### 3. Conclusion on motion to dismiss

Defendant's attacks on the class allegations in the complaint are premature, and assuming Plaintiff's allegations are true and drawing all reasonable inferences in Plaintiff's favor, as the Court must on a Rule 12(b)(6) motion, the complaint adequately states plausible claims under Title VII and Section 1981. Accordingly, the Court DENIES the motion to dismiss.

### B. Motion to strike

In the notice of Defendants' motion to dismiss, Defendant argues that "the Court should strike the class-action claims by Plaintiff, as she failed to identify a certain class and failed to show she is an adequate class representative." Dkt. 8 at 2. Defendant failed to articulate an argument in support of a motion to strike in its memorandum of points and authorities, separate from its argument that Plaintiff's complaint fails to state a claim, instead simply requesting that the Court "strike/dismiss Plaintiff's Complaint with prejudice." *See* Dkt. 8-1 at 9. As such, Defendant has failed to offer any legal support for its motion to strike the class allegations in the complaint under Rule 12(f) because it has failed to explain what about those allegations is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. Proc. 12(f); *see also Meyer*, 10 F. Supp. 3d at 1104. In any event, it is rare to strike class allegations at the pleadings stage, *id.*, and the Court declines to do so in this case. Therefore, the motion to strike is DENIED.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss, motion to strike, and request for judicial notice are DENIED.

**SO ORDERED.**

Dated: December 3, 2019

SUSAN VAN KEULEN
United States Magistrate Judge